**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KEITH DAVIDSON,<br>on behalf of plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| CAPITAL ONE BANK (USA), N.A., | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT – CLASS ACTION

1.     Plaintiff Keith Davidson ("Plaintiff" or "Davidson") brings this action to secure redress against unlawful collection practices engaged in by defendant Capital One Bank (USA), N.A. ("Defendant" or "Capital One"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.  It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

1

4.      Venue in this District is proper because defendant's collection communications to plaintiff and numerous class members were received in this District.

## PARTIES

5.      Plaintiff Keith Davidson is a resident of Lawrenceville, Georgia.

6.      Defendant Capital One Bank (USA), N.A., is a federally chartered corporation with offices at 4851 Cox Road, Glen Allen, VA 23060.

7.      On or about May 1, 2012, Capital One, completed its acquisition of a large number of HSBC Bank Nevada N.A.'s ("HSBC") United States credit card accounts.

8.      Many of these accounts were issued or serviced by HSBC.

9.      Thousands of the accounts acquired from HSBC were shown on HSBC's books and records as delinquent or in default.

10.     Capital One attempted to collect such delinquent or defaulted debts in the regular course of its business, using the mails and telephone system in doing so.

11.     Capital One is a debt collector as defined in the FDCPA with respect to delinquent and defaulted accounts acquired from HSBC.

## FACTS

12.     In 2007, HSBC had filed suit against Keith Davidson to collect a credit card account.  A copy of the 2007 complaint is attached as Appendix A.  The

2

account is identified as one ending in 7155.

13.    Davidson had used the account for personal, family, or household purposes and not for business purposes.

14.    On April 3, 2008, judgment was entered in favor of HSBC and against Davidson in the sum of $500.  A copy of the judgment is attached as Appendix B.

15.    The underlying contract was merged into the judgment by operation of law.

16.    The "account" was one of those sold by HSBC to Capital One Bank (USA), N.A.

17.    On or about August 10, 2012, Capital One filed suit against Davidson to collect $1,149.96 on the same account ending in 7155 that had been the subject of the 2007 lawsuit.

18.    A copy of the 2012 complaint is attached as Appendix C.

19.    Attached to the 2012 complaint was an affidavit executed by Jocelyn Faircloth-Boone, a copy of which is attached as Appendix D.

20.    Appendix D states:

1.    My Name is Jocelyn Faircloth-Boone.  I am over the age of eighteen and authorized to make this Affidavit on behalf of Capital One Bank (USA), N.A. (Identified in this affidavit as "Capital One"), assignee of HSBC BANK NEVADA, N.A.  The facts stated herein are within my personal knowledge and are true and correct and are based on my review of the books and records of Capital One.   If called as a witness, I can testify competently to the facts contained herein.

2.     On or about 05/01/2012, HSBC sold account number ************
7155 in the name of Keith Davidson by a Purchase and Assumption
Agreement and a Bill of Sale to Capital One.  As part of the sale of the Sold
Account, certain of HSBC's records relating to the Sold Account were
transferred to Capital One.  Those records were made and/or recorded as part
of the regular course of business of HSBC at or near the time of the acts,
events, conditions or methods recorded.  Because of the sale of the Sold
Account, Capital One became the owner of the Sold Account on the date of
sale.

21.     The affidavit was a form, designated "COF 042612.2."

22.     On information and belief, all affidavits in the form represented by
Appendix D are prepared in the same manner using the same procedures.

23.     The statements in the affidavit were false, given the fact that the
account had been reduced to judgment in the amount of $500.

24.     In fact, Jocelyn Faircloth-Boone had no personal knowledge of the
account, and had reviewed little or no "books and records" before signing the
affidavit.

25.     The complaint (Appendix C) was also false.  It falsely represented
that "Defendant(s) owes the Plaintiff the below principal balance [$1,149.96] plus
accrued interest arising from a default on a credit card agreement."

26.     Davidson was required to hire counsel to defend the lawsuit.

## FACTS – GENERAL

27.     Defendant files and serves upon the defendant in each collection
lawsuit defendant files in the state of Georgia a  mass-produced "robo-signed"
affidavit generated at defendant's office.

4

28.     Employees who "robo-sign" the affidavits have no personal knowledge of their "facts" attested to and do not acquire complete files from which they can legitimately conclude that the consumers owe the amounts claimed.

29.     Prior to filing debt collection lawsuits, defendant engages in practices that place a premium on quick collections over accuracy.

30.     As in the case of plaintiff, defendant sometimes attempts to collect debts that have been paid, settled, or are otherwise legally uncollectible.

31.     In filing debt collection lawsuits against debtors, Capital One defrauds consumers by  using false affidavits that are "robo-signed" by individuals who have no knowledge of the alleged debts.

32.     Many people subjected to defendant's practices do not understand the court system, cannot afford to hire an attorney, and/or feel forced into settling a lawsuit in which defendant may be seeking a total judgment that has ballooned to more than twice the principal amount of the alleged debt due to interest, attorneys' fees, etc.

33.     Defendant has affirmatively deceived and defrauded consumers by filing false, mass produced, computer-generated affidavits that are "robo-signed," or signed without the affiant  reading the contents of the document, and/or signed by defendant's employees with no personal knowledge of the validity of the debt or other facts to which they are attesting.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

34.    Plaintiff incorporates paragraphs 1-33.

35.    Defendant's affidavits contain false statements, in violation of 15

U.S.C. §§1692e, 1692e(2), 1692e(10) and 1692f.

36.    Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
**(2)    The false representation of–**

**(A)    the character, amount, or legal status of any debt; . . .**

**(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . ..**

37.    Section 1692f provides:

**§ 1692f.    Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

38.    Plaintiff brings this claim on behalf of a class, pursuant to

Fed.R.Civ.P. 23(a) and 23(b)(3).

39.    The class consists of (a) all individuals (b) that defendant sued in a

Georgia  court (c) seeking to collect an account acquired from HSBC, (d) with

respect to whom Capital One filed or served an affidavit in the form included in

Appendix D, (e) at any time during a period beginning one year prior to the filing

6

of this action and ending 20 days after the filing of this action.

40.     On information and belief, based on a computer search of court records, the class is so numerous that joinder of all members is not practicable.

41.     There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members.  The predominant common questions are whether the affidavits are false or misleading and whether the service of such affidavits violates the FDCPA.

42.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

43.     Plaintiff will fairly and adequately represent the class members.

44.     Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

45.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible;

    b.     Members of the class are likely to be unaware of their rights; and

    c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

7

(1)     Statutory damages;

(2)     Actual damages;

(3)     Attorney's fees, litigation expenses and costs of suit; and

(4)     Such other and further relief as the Court deems proper.


                              s/ E. Talley Gray_____
                              E. Talley Gray


E. Talley Gray
3349-E Lawrence-Suwanee Road
Suwanee, GA 30024
(678) 428-4868
(800) 878-0429
tallegray@yahoo.com

admission pro hac vice to be sought:

Daniel A. Edelman
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman_____
Daniel A. Edelman

# APPENDIX A

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2007 AUG 17  AM 10: 07

TOM LAWLER, CLERK

STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Redacted

HSBC BANK NEVADA, N.A. AS SUCC

      Plaintiff,

                              CIVIL ACTION FILE #

vs

KEITH DAVIDSON

        Defendant.              07-C11930-2


COMPLAINT ON AN ACCOUNT

COMES NOW Plaintiff in the above-stated action and shows the Court the following:

    1.   That Defendant is a resident of said County and State and is therefore subject to the jurisdiction of this Court.

    2.   The Defendant is indebted to the Plaintiff in the sum of $1,059.68 as a balance due on account for charges incurred by Defendant under a credit card account (no.  5458002212047155) and credit privileges provided by Plaintiff's Predecessor to Defendant which account has been assigned to Plaintiff.

    3.   Demand has been made upon said Defendant for the balance due.  Despite said demand the Defendant has failed and refused to pay.

    4.   Pursuant to 15 USCA 1692 et al, the following is stated: Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.   If you notify this office in writing within 30 days from receiving this notice, that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request of this office in writing  within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.   This is an attempt to collect a debt.   Any information obtained will be used for that purpose.

LAW OFFICES
OF
ROSS GELFAND
5 MINNHINETTE DRIVE
SUITE 150
WELL, GEORGIA 30075

(770) 840-8482
FAX (770) 840-8575

FAND@TRUSTED.NET
COLLECTIONFIRM.NET

Redacted

WHEREFORE, Plaintiff demands judgment against the Defendant for the principal sum of $1,059.68, $24.02 interest, with interest accruing on the aforesaid principal balance at the rate of seven percent (7%) per annum from the date of filing plus all costs of this action.   Plaintiff also prays for Post Judgment interest accruing at the legal rate from the date of the Judgment.

DATE:   March 14, 2007.

_____
Barbara Miciul
Attorney for Plaintiff
Georgia State Bar No. 139210

Prepared by:
Barbara Miciul
Attorney at Law
1265 Minhinette Drive
Suite 150
P.O. Box 1870
Roswell, Georgia   30075
(770) 840-8482

LAW OFFICES
OF
OSS GELFAND
MINHINETTE DRIVE
SUITE 150
VELL, GEORGIA 30075

(770) 840-8482
FAX (770) 840-8575

FAND@TRUSTED.NET
COLLECTIONFIRM.NET

# APPENDIX B

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Redacted

HSBC BANK NEVADA, N.A.                    )
                                          )
                                          )
                                          )
          Plaintiff,                      )
                                          )
vs.                                       )        CIVIL ACTION NO. 07-C-11930-S2
                                          )
KEITH DAVIDSON ,                          )
          Defendant.                      )
_____)

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2008 APR -3  AM 10:
TOM LAWLER, CLERK

ORDER AND JUDGMENT

The above-styled case came on regularly before the Court without a Jury, and both Plaintiff but the Defendant did not, and

WHEREAS the parties had entered into a Mediation Agreement on February 26, 2008 in which they agreed that the Defendant would pay the total sum of $500.00 to the Plaintiff on or before March 26, 2008.  It was further agreed that upon payment of said sum, the Plaintiff would dismiss its claim with prejudice and the Defendant would dismiss his counterclaim with prejudice.

WHEREAS the Plaintiff never received any sum of money from the Defendant in the above-styled case,

NOW THEREFORE, a JUDGMENT is hereby rendered in favor of the Plaintiff and against the Defendant for the principal sum of $500.00 plus all applicable court costs and Defendant's counterclaim is hereby dismissed with prejudice.

FURTHERMORE, a FiFa shall issue on said JUDGMENT.

Redacted

It is so ORDERED THIS ___3RD___ day of __APRIL__ 20 _08_.

_____
JUDGE/STATE COURT OF
GWINNETT COUNTY

Presented by:

_____
Roger D. Howard
Attorney for Plaintiff
Georgia Bar No. 371250

LAW OFFICES OF ROSS GELFAND
1265 Minhinette Drive
Suite #150
Roswell, Ga 30075

RG: 07000165

# **APPENDIX C**

Redacted

IN THE MAGISTRATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

Capital One Bank (USA), N.A.

Clerk, Gwinnett Magistrate Court, P.O. Box 246

Lawrenceville, GA 30046-0246 (770.822.8100, Ext. Civil Division)

c/o Gerald E. Moore & Assoc., P. O. Box 876, Smyrna GA 30081          Plaintiff(s)          Civil Action No   12 M - 32119

vs.

KEITH DAVIDSON

Defendant(s)

INFO & FORMS ON INTERNET
www.gwinnettcourts.com
E-mail: mag@gwinnettcounty.com

STATEMENT OF CLAIM

Telephone

[ X ] Suit on Note   [ X ] Suit on Account   [   ] Other

1.  The Court has jurisdiction over the defendant(s)  [ X ] the Defendant(s) is a resident of Gwinnett County;  [   ] Other (please specify)

2.  Plaintiff(s) claims the Defendant(s) is/are indebted to the Plaintiff as follows: (You must include a brief statement giving reasonable notice of the         basis for each claim contained in the Statement of Claim)

The Defendant(s) owes the Plaintiff the below principal balance plus accrued interest arising from a default on a credit card account/ agreement. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiffs business records that support its claim.

Defendant(s) has ten (10) days from receipt of this notice within which to pay the principal.

3.  That said claim is in the amount of:     $1,149.96     principal,   plus

costs to date, and all future costs of this suit.

State of Georgia, Gwinnett County:

John M. Duffoo, GBN 231973 / Gerald E. Moore, GBN 519195

Being duly sworn on oath, says the foregoing is a just and true statement

the amount owing by defendant to plaintiff, exclusive of all set-offs and just grounds of defense

Sworn and subscribed before me this

John M. Duffoo, GBN 231973 / Gerald E. Moore, GBN 519195
P. O. Box 876, Smyrna GA 30081

10  day of  August          20 12          ATTORNEYS FOR PLAINTIFF

(If Agent - Title or Capacity)   (678) 322-3262 (Settlements)

Notary Public/Attesting Official          Day Time Phone Number     (678) 385-5353-Office

request a civil trial [ X ] during normal business hours  - OR -  [   ] 6:30 PM, evening trials. ALL CONFLICTS ARE SCHEDULED FOR 6:30 PM.

O: All Defendant(s)

NOTICE AND SUMMONS

ou are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. YOU RE REQUIRED TO FILE or PRESENT AN ANSWER (answer forms can be obtained from the above listed web-site or clerk's office) TO THIS CLAIM TTHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST OU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE. If you chose to file your answer orally, it MUST BE I OPEN COURT IN PERSON and within the 30 day period. NO TELEPHONE ANSWERS ARE PERMITTED. The court will hold a hearing on this claim at the winnett Justice & Administration Center, 75 Langley Dr., Lawrenceville, GA 30046, at a time to be scheduled after your answer is filed. You may come to court with without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want tnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the Plaintiff, you should notify the court by immediately ing a written answer and counterclaim. If you admit to the Plaintiff's claim but need additional time to pay, you must come to the hearing in person and tell the court your ancial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of service. If you are uncertain whether your answer will timely arrive mail, file your answer in person at the clerk's office during normal business hours.

iled this  27  day of  Aug.  20 12

Magistrate or Deputy Clerk of Court

See Instructions on Reverse Side of This of this Document

30041579

JJL PROCESS CORP.
678-618-4777

Aug 10

# APPENDIX D



STATE OF VIRGINIA
CITY OF CHESAPEAKE                                                    Redacted

On       08/07/2012      , Jocelyn Faircloth-Boone   stated under oath:

1. My Name is   Jocelyn Faircloth-Boone   . I am over the age of eighteen and authorized

to make this Affidavit on behalf of  Capital One Bank (USA), N.A.

 ( Identified in this affidavit as "Capital One")  , assignee of  HSBC BANK NEVADA, N.A.

The facts stated herein are within my personal knowledge and are true and correct and are
based on my review of the books and records of Capital One. If called as a witness, I can
testify competently to the facts contained herein.

2. On or about    05/01/2012   , HSBC sold account numbered *********** 7155

in the name of      Keith  Davidson              by a Purchase and Assumption

Agreement and a Bill of Sale to Capital One.  As part of the sale of the Sold Account,
certain of HSBC's records relating to the Sold Account were transferred to Capital One.
Those records were made and/or recorded as part of the regular course of business of
HSBC at or near the time of the acts, events, conditions or methods recorded. Because of
the sale of the Sold Account, Capital One became the owner of the Sold Account on the
date of sale.

Date: ___8/7/12___                              _____
                                                 Signature of Affiant Identified Above
City / County of Chesapeake
Commonwealth of Virginia

The foregoing instrument was subscribed and sworn before me this _August 7, 2012_ by

_Jocelyn Faircloth- Boone_
Name of Affiant

_____
Notary Public

Notary registration number: ___7515020___

My commission expires: ___April 30, 2016___

STEPHANIE CHAVEZ GLOVER
COMMONWEALTH
REGISTRATION NO.
7615020
MY COMM. EXPIRES
04/30/2016
OF VIRGINIA
NOTARY PUBLIC

Affidavit of Sale Individual Account COF 042612.2