## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH DAVIDSON,<br>on behalf of plaintiff and the class defined<br>below, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) | 1:13-cv-02307-WSD-ECS |
| | ) | |
| vs. | ) <br> ) | |
| | ) | |
| CAPITAL ONE BANK (USA), N.A., | ) <br> ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Keith Davidson ("Plaintiff" or "Davidson") respectfully requests,

pursuant to Fed. R. Civ. P. 23, that this Court enter an order determining that this

action may  proceed as a class action against Defendant Capital One Bank (USA),

N.A. ("Defendant" or "Capital One").

Plaintiff seeks to certify the following class: (a) all individuals (b) that

defendants sued in a Georgia court (c) seeking to collect an account acquired from

HSBC, (d) with respect to whom Capital One filed or served an affidavit in the

form included in Appendix D, (e) at any time during a period beginning July 11,

2012, and ending July 31, 2013.

1

Furthermore, Plaintiff requests that he be designated the class representative and that Edelman, Combs, Latturner & Goodwin, and Talley Gray be appointed as class counsel.

## I.    NATURE OF THE CASE

This case arises out of defendant's practice of filing collection lawsuits against debtors, in the state of Georgia, and serving upon them a mass-produced "robo-signed" affidavit generated by defendant.

In 2007, HSBC Bank Nevada N.A. ("HSBC") filed suit against plaintiff to collect a credit card account (Appendix A). On April 3, 2008, judgment was entered in favor of HSBC and against plaintiff in the amount of $500 (Appendix B). The underlying contract was merged into the judgment by operation of law, which account was sold to Capital One by HSBC.

On or about August 10, 2012, Capital One filed suit (Appendix C) against plaintiff to collect $1,149.96 on the same account that had been the subject of the 2007 lawsuit. Attached to Appendix C was an affidavit executed by Jocelyn Faircloth-Boone (Appendix D). On information and belief, all affidavits in the form represented by Appendix D are prepared in the same manner using the same procedures. The statements in Appendix D were false, given the fact that the

2

account had been reduced to judgment in the amount of $500. Jocelyn Faircloth-Boone had no personal knowledge of the account, and had reviewed little or no "books and records" before signing the affidavit. The complaint (<u>Appendix C</u>) was also false as it represented that defendant owed an erroneous amount.

Defendant has a policy and practice of defrauding consumers by including affidavits that have been mass-produced and "robo-signed" by defendant's employees, who do not have personal knowledge of the "facts" attested to, and including them in collection lawsuits it files in Georgia. As in the case of plaintiff, defendant sometimes attempts to collect debts that have been paid, settled, or are otherwise legally uncollectible.

Plaintiff alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by filing affidavits, in complaints against debtors, that contain false

statements.

## II.   <u>REQUIREMENTS FOR CLASS CERTIFICATION</u>

"Under Rule 23(a), every putative class first must satisfy the prerequisites of 'numerosity, commonality, typicality, and adequacy of representation.'" *Vega v. T-*

*Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). Rule 23(a) is satisfied where:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class

Fed. R. Civ. P. 23(a).

Congress expressly recognized the propriety of a class action under the FDCPA, by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and 1692k(b) class action cases. As a result, numerous FDCPA class actions have been certified – including many handled by counsel representing plaintiff in this case, such as *Rawson v. Source Receivables Management, LLC et al.*, 289 F.R.D. 267 (N.D. Ill. 2013); *Hale v. AFNI, Inc.* 264 F.R.D. 402 (N.D.Ill. 2009); *Randolph v. Crown Asset Management LLC*, 254 F.R.D. 513 (N.D.Ill. 2008); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D.Ill. 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008); *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291 (N.D.Ill. 2007); *Hernandez v.*

*Midland Credit Management, Inc.*, 236 F.R.D. 406 (N.D.Ill. 2006); *Carbajal v. Capital One FSB*, 219 F.R.D. 437 (N.D.Ill. 2004); *Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336 (N.D.Ill. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark LLC*, 198 F.R.D. 503 (N.D.Ill. 2001); *Vines v. Sands*, 188 F.R.D. 302 (N.D.Ill. 1999); and *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247 (N.D.Ill. 1999).

## III.   THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### a.   Rule 23(a)(1) -- Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  The "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied." *LaBauve v. Olin Corp.,* 231 F.R.D. 632, 665(S.D.Ala.2005) (*citing Bacon v. Honda of Am. Mfg., Inc.,* 370 F.3d 565, 570 (6th Cir.2004)), and the Eleventh Circuit, in certifying class actions, has considered "more than forty adequate." *Cheny v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D.Fla.2003) *(quoting Cox v. Am. Cast Iron Pipe Co*., 784 F.2d 1546, 1553 (11th Cir.1986)).  Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates

with support as to the size of the proposed class." *Fuller v. Becker & Poliakoff, P.A.,* 197 F.R.D. 697, 699 (M.D.Fla.2000).

Plaintiff alleges that the affidavit (Appendix D) filed in Davidson's collection lawsuit was part of a mass-produced set of "robo-signed" affidavits created by defendant in its offices. The affidavit (Appendix D) was a form that included the designation "COF 042612.2," which plaintiff contends is used to categorize it amongst other affidavits filed in collection lawsuits against debtors. Plaintiff therefore alleges that Defendant filed "robo-signed" affidavits in collection lawsuits in Georgia for at least 40 other persons and that there are more than 40 members of the class.  Plaintiff will obtain the exact number of class members through discovery and requests a briefing schedule long enough to obtain such information.

### b.    Rule 23(a)(2)  –  Commonality

Rule 23(a)'s commonality prerequisite requires at least one issue of law or fact be common to all members of the class. However, it "does not require that all of the questions of law or fact raised by the case be common to all the plaintiffs." *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 325 (S.D.Fla.1996).

The commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 687 (S.D.Fla.2004); *Agan v. Katzman & Korr*, P.A., 222 F.R.D. 692, 697 (S.D.Fla.2004); *In re Amerifirst Sec. Litig.,* 139 F.R.D. 423, 428 (S.D.Fla.1991). The authorities hold that cases dealing with the legality of standardized documents or conduct are generally appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis. "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

In this case, the "standardized course of conduct that affects all class members," is that Defendant filed "robo-signed" affidavits on plaintiff's and the putative class members' collection lawsuits.  This conduct gives rise to the predominant common questions of whether the affidavits are false or misleading and whether the service of such affidavits violates the FDCPA.

The only individual issue is the identification of the class members, a matter capable of ministerial determination from Defendant's records.

    **c.**    **Rule 23(a)(3) -- Typicality**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FRCP 23(a)(3). "The test for typicality, like commonality, is not demanding." *In re Disposable Contact Lens Antitrust Litig.,* 170 F.R.D. 524, 532 (M.D.Fla.1996). Essentially, to satisfy this requirement, a class representative must share the same interest and have suffered the same injury as the class members. *Murray,* 244 F.3d at 811 *(citing Prado-Steiman,* 221 F.3d at 1279*); Piazza v. Ebsco Indus. Co.,* 273 F.3d 1341, 1346 (11th Cir. 2001*); Prado-Steiman v. Bush,* 221 F.3d 1266, 1269 (11th Cir. 2000).

In the instant case, typicality is inherent in the class definition. Each of the class members has been subjected to the same practice as Plaintiff. Plaintiff's claim and the claims of the class members all turn on the legality of Defendant's practice of serving affidavits that contain false statements.

### d.      Rule 23(a)(4) -- Adequacy of representation

Rule 23(a)(4) requires that the named plaintiff provide fair and adequate protection for the interests of the class.  "To adequately represent a class, a named plaintiff must show that she possesses the integrity and personal characteristics necessary to act in a fiduciary role representing the interests of the class, and has no interests antagonistic to the interests of the class."  *In re Ins. Mgmt. Solutions Group, Inc.*, 206 F.R.D. 514, 516 (M.D.Fla.2002); see also *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir.1987).

Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Appendix E, which sets forth counsel's qualifications.  There is no antagonism between the interests of the named plaintiff and those of the class.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

### e.      Rule 23(b)(3)  --  Predominance and superiority

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law or fact.  Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.  The Eleventh Circuit has held that "[u]nder Rule 23(b)(3) it is not

necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." *Klay v. Humana, Inc.,* 382 F.3d 1241, 1254 (11th Cir.2004).

The court's inquiry is typically focused on "whether there are common liability issues which may be resolved efficiently on a class-wide basis." *Brown v. SCI Funeral Servs. of Fla.*, 212 F.R.D. 602, 606 (S.D.Fla.2003). Issues that are subject to generalized proof and applicable to the whole class must predominate over the issues involving individualized proof. *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir.1989). To conduct this inquiry, the Court must consider the cause of action and "what value the resolution of the class-wide issue will have in each member's underlying cause of action." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir.2000). It is enough if the claims of the class are not in conflict with each other:

> [C]ourts have held that [a class action] can be brought . . . even though there is not a complete identity of facts relating to all class members, as long as a "common nucleus of operative facts" is present. . . The common questions need not be dispositive of the entire action. . . Therefore, when one or more of the central issues in the action are common to the class and can be said to predominate, the [class] will be considered proper.

7A Charles A. Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1778 at 528-29(2nd ed. 1986), (cited with approval in *In re Telectronics Pacing Systems,*

*Inc.*, 172 F.R.D. 271, 287(S.D. Ohio 1997)).

Rule 23(b)(3) also requires that "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." The court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes*, 143 F.R.D. at 189; *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims that might be brought by each individual putative class member. Most putative class members are likely unaware their rights are being violated, and individual cases are not economically feasible. The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many

11

of them would not be able to secure relief if class certification were
denied . . . .

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977)

(citations omitted).  Another court noted:

> Given the relatively small amount recoverable by each potential
> litigant, it is unlikely that, absent the class action mechanism, any one
> individual would pursue his claim, or even be able to retain an
> attorney willing to bring the action.  As Professors Wright, Miller and
> Kane have discussed, in analyzing consumer protection class actions
> such as the instant one, 'typically the individual claims are for small
> amounts, which means that the injured parties would not be able to
> bear the significant litigation expenses involved in suing a large
> corporation on an individual basis.  These financial barriers may be
> overcome by permitting the suit to be brought by one or more
> consumers on behalf of others who are similarly situated.'  7B Wright
> et al., §1778, at 59; see e.g., *Phillips Petroleum Co. v. Shutts*, 472 U.S.
> 797, 809 (1985) ('Class actions . . . may permit the plaintiff to pool
> claims which would be uneconomical to litigate individually.')  The
> public interest in seeing that the rights of consumers are vindicated
> favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628-629 (E.D.Pa 1994).

Class certification will provide an efficient and appropriate resolution of the

controversy.  *Zanni v. Lippold*, 119 F.R.D. 32 (C.D.Ill.1988).

## IV.   <u>CONCLUSION</u>

The proposed class meets the requirements of Rules 23(a) and (b)(3).

Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,

s/ E. Talley Gray
E. Talley Gray
3349-E Lawrence-Suwanee Road
Suwanee, GA 30024
Email:  talleygray@yahoo.com


Daniel A. Edelman (to be admitted *pro hac vice*)
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
Telephone: 312- 739-4200
Fascimile: 312-419-0379
courtecl@edcombs.com

**<u>CERTIFICATE OF SERVICE</u>**

      I, Talley Gray, hereby certify that on July 12, 2013, I caused to be filed the foregoing document via the CM/ECF System.  I further certify that on July 12, 2013, or as soon thereafter as service may be effectuated, I caused the foregoing document to be served upon the following party via hand delivery by process server :

      Capital One Bank (USA), N.A.
      c/o Corporation Service Company, Registered Agent
      Bank of America Center, 16th Floor
      1111 East Main Street
      Richmond, VA 23219

<u>s/ Talley Gray</u>
Talley Gray     
