```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

KEITH DAVIDSON, on behalf of    :
plaintiff and a class           :
                                :         CIVIL ACTION
      Plaintiff,                :
                                :         NO. 1:13-CV-2307-WSD-ECS
v.                              :
                                :
CAPITAL ONE BANK (USA), N.A.    :
                                :
      Defendant.                :
```

**ORDER, REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On July 11, 2013, Keith Davidson ("Plaintiff"), represented by counsel, initiated the above-styled action by filing a complaint against Capital One Bank (USA), N.A. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, on behalf of himself and a class. The next day, Plaintiff filed a motion to certify the class. [Doc. 3]. Two days later, on July 15, 2013, Plaintiff filed a motion to suspend the briefing schedule on the motion for class certification, in which he represents that he filed the motion to certify the class before serving Defendant in order "to protect plaintiff from any individual offer or tender to plaintiff that would have the effect of mooting plaintiff's class claims." [Doc. 4 ¶ 2]. Plaintiff proposes that he and Defendant be allowed to submit a proposed briefing schedule for the Court's consideration as part of their

preliminary report and discovery plan. [Id. ¶ 6]. Both the motion for class certification and motion to suspend the briefing schedule are currently pending before this Court.

On August 29, 2013, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim for relief. [Doc. 11]. On September 12, 2013, Plaintiff filed an amended complaint, [Doc. 13], which is within the time allowed for filing an amended complaint as a matter of course under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(1)(B) (allowing an amended complaint to be filed within twenty-one days after service of a Rule 12(b) motion). Defendant has since filed a motion to dismiss the amended complaint, [Doc. 16], which has not yet become ripe for adjudication because the time for response (and reply) has not expired. The first motion to dismiss, therefore, is moot. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Accordingly, **IT IS RECOMMENDED** that Defendant's motion to dismiss the complaint, [Doc. 11], be **DENIED AS MOOT**.

Upon consideration, Plaintiff's motion to suspend the briefing schedule, [Doc. 4], which the undersigned hereby construes as a motion to extend the time for Defendant to respond to the motion for class certification, is **GRANTED**. Defendant need not respond until directed by the Court. When the motion to dismiss the amended

complaint is resolved, the undersigned will establish a briefing schedule on the motion to certify the class, if briefing is still required.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 11th day of October, 2013.

       s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE