```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION

KEITH DAVIDSON, on behalf of   :
plaintiff and a class          :
                               :       CIVIL ACTION
      Plaintiff,               :
                               :       NO. 1:13-CV-2307-WSD-ECS
v.                             :
                               :
CAPITAL ONE BANK (USA), N.A.   :
                               :
      Defendant.               :
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the motion to dismiss the amended complaint, filed by Capital One Bank (USA), N.A. ("Capital One"), [Doc. 16]; and the motion for class certification filed by Keith Davidson, [Doc. 3].

For the reasons expressed herein, **IT IS RECOMMENDED** that Capital One's motion to dismiss, [Doc. 16], be **DENIED**.

If the district judge adopts the above recommendation, the undersigned **FURTHER RECOMMENDS** that Mr. Davidson's motion for class certification, [Doc. 3], be **DENIED AS MOOT**, with permission to file a renewed motion for class certification within **twenty days** of the district judge's order.

**I.
Motion to Dismiss**

**A.   Background**

Accepting the well-pleaded allegations in the amended complaint as true, the facts are as follows:[1]

In 2007, HSBC Bank Nevada, N.A. ("HSBC") filed suit against Keith Davidson in state court to collect on a credit card account that he had used for "personal, family, or household purposes." [Doc. 13 ¶¶ 21-22]; [Doc. 15-1]. During the course of the litigation, HSBC and Mr. Davidson entered into a mediation settlement agreement, whereby Mr. Davidson agreed to pay HSBC $500 and HSBC agreed in return to dismiss the collection action. [Doc. 15-2]. Mr. Davidson did not pay the $500 and, on April 3, 2008, the state court entered a judgment in favor of HSBC and against Mr. Davidson in the amount of $500. [Id.]. Mr. Davidson alleges that the credit card account that formed the basis of the collection action merged into the judgment by operation of law. [Doc. 13 ¶ 24].

---

[1] The day after Mr. Davidson filed his amended complaint, he filed a number of documents that he claims he intended to attach as exhibits: a complaint filed by HSBC Bank Nevada, N.A. in the State Court of Gwinnett County, [Doc. 15-1]; the court's order and judgment in that case, [Doc. 15-2]; a complaint filed by Capital One Bank (USA), N.A. in the Magistrate Court of Gwinnett County, [Doc. 15-3]; and an affidavit signed by Jocelyn Faircloth-Boone, [Doc. 15-4]. Because these documents are exhibits to the amended complaint and not disputed by movants, the Court may consider them as part of the pleadings for the purposes of this motion. See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215-16 (11th Cir. 2012).

2

In May of 2012, HSBC sold Capital One 28 billion dollars of credit card receivable accounts, which included Mr. Davidson's account. [Id. ¶¶ 11, 25]. On August 10, 2012, Capital One filed suit against Mr. Davidson in state court to collect on the same credit card account that had been the subject of HSBC's 2007 lawsuit. [Id. ¶ 26]; [Doc. 15-3]. Capital One's state court complaint alleged that Mr. Davidson's account was delinquent in the amount of $1,149.96. [Doc. 13 ¶ 26]; [Doc. 15-3]. Attached to Capital One's state court complaint was an affidavit from Jocelyn Faircloth-Boone, who attested on behalf of Capital One that, based on her personal review of Capital One's books and records, Capital One had acquired Mr. Davidson's HSBC account in May of 2012. [Doc. 13 ¶ 29]; [Doc. 15-4].

On July 11, 2013, Mr. Davidson filed a complaint in this Court, on behalf of himself and a purported class, claiming that the above alleged actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. [Doc. 1]. Mr. Davidson contends that Capital One's complaint and affidavit in state court contained false statements because his delinquent account had already been reduced to a $500 judgment and Ms. Faircloth-Boone's affidavit was not actually based on her personal knowledge.

Capital One moved to dismiss Mr. Davidson's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief, [Doc. 11], after which Mr. Davidson

3

filed an amended complaint within the time allowed for filing an amendment as a matter of course. [Doc. 13].

On September 26, 2013, Capital One filed the motion to dismiss the amended complaint that is presently before this Court. [Doc. 16]. Capital One argues that Mr. Davidson has failed sufficiently to allege that Capital One is a "debt collector" as defined under the FDCPA, which is necessary for liability under the FDCPA to attach. Mr. Davidson has filed a response opposing the motion to dismiss, [Doc. 26], to which Capital One has replied. [Doc. 30]. The matter is thus ready for a report and recommendation of the magistrate judge.

**B.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); In re Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996).

4

AO 72A
(Rev.8/82)

Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 1965. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (brackets and internal quotation marks omitted). Allegations of fact "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 1965. "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

**C.  Discussion**

The express purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). In order to state a claim under the FDCPA, a plaintiff must allege that: "(1) he has been subject to collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) 'the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.'"

5

Graham v. Mortg. Elec. Registration Sys., Inc., No. 2:11-CV-00253-RWS, 2012 WL 527665, at *4 (N.D. Ga. Feb. 17, 2012) (quoting Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010)).

The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The statute also provides for a number of exceptions. Of relevance to this case, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." § 1692a(6)(F)(iii).

By way of contrast, the FDCPA defines a "creditor" as:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

§ 1692a(4). Because liability under the FDCPA attaches only to debt collectors, mere creditors are generally not subject to the FDCPA. See Hasbun v. Recontrust Co., N.A., 508 F. App'x 941, 942 (11th Cir. 2013); Goia v. CitiFinancial Auto, No. 1:10-CV-2405-WSD, 2012 WL 113647, at *11 (N.D. Ga. Jan. 13, 2012), aff'd, 499 F. App'x 930

(11th Cir. 2012). But, as is evident from the assignee exceptions in both definitions, the FDCPA "allow[s] for the possibility that a creditor could also be a 'debt collector' subject to the statute, if the debt was already in default at the time the creditor acquired it." <u>Bates v. Novastar/ Nationstar Mortg. LLC</u>, No. 1:08-cv-1443-TWT, 2008 WL 2622810, at *6 (N.D. Ga. June 24, 2008); <u>see also</u> <u>Kuria v. Palisades Acquisition XVI, LLC</u>, 752 F. Supp. 2d 1293, 1296, 1301 (N.D. Ga. 2010) ("[A] third party who buys debt already in default may be liable for FDCPA violations as a 'debt collector' despite having 'creditor' status.").

The sole issue before this Court is whether Mr. Davidson has sufficiently alleged that Capital One is a debt collector. After careful review, the undersigned finds the allegations in the amended complaint sufficient to raise a plausible inference that Capital One qualifies as a debt collector under the FDCPA.

Mr. Davidson does not allege that the "principal purpose" of Capital One's business is debt collection. <u>See</u> [Doc. 26 at 5]. Instead, he claims that Capital One regularly acquires and attempts to collect defaulted consumer debts, like his own, that were originally owed to others. [Doc. 13 ¶¶ 15, 18]. Specifically, Mr. Davidson alleges that Capital One acquired several billion dollars of outstanding credit card loan receivable accounts from 2009 to 2012. [Doc. 13 ¶¶ 8-11]. He claims the S&P/Experian Consumer Credit

7

Default Indices reported that the general default rate on bank credit cards during this period ranged from 3.53% in December of 2012 to as high as 9.15% in April of 2010. [Id. ¶ 13]. Thus, Mr. Davidson alleges that, based on these rates of default, over one billion dollars of the receivable accounts that Capital One acquired from 2009 to 2012 must have represented debts that were in default at the time of acquisition. [Id. ¶ 12].

The complaint alleges that, shortly after acquiring these defaulted accounts, Capital One filed debt collection lawsuits against the defaulted debtors, as it did against Mr. Davidson in this case, supporting its complaints with form affidavits that were generated in large numbers and "robo-signed" by individuals who had no personal knowledge of the underlying debts. [Id. ¶¶ 36-40].

These facts are sufficient to state a claim that Capital One is a debt collector as to Mr. Davidson. Although the Eleventh Circuit has not addressed the specific issue presented in this case, where an entity like Capital One acquires a large portfolio of debt, the rule followed by the district judges in this circuit, as well as the majority of circuits to have addressed the issue, is that an allegation that the defendant regularly seeks to collect on debts acquired after default generally suffices to qualify one as a debt collector, at least at the pleading stage. Compare Kuria, 752 F. Supp. 2d at 1296, 1301 ("[A] third party who buys debt already in

8

default may be liable for FDCPA violations as a 'debt collector' despite having 'creditor' status."), and Bates, 2008 WL 2622810, at *6 ("The FDCPA definitions for creditor and debt collector are separate but overlap, allowing for the possibility that a creditor could also be a 'debt collector' subject to the statute, if the debt was already in default at the time the creditor acquired it."), with Monroe v. CitiMortgage, Inc., No. 8:07-cv-0066-SCB-TGW, 2007 WL 1560194, at *2 (M.D. Fla. May 29, 2007) (defendant was not a debt collector because there was no allegation that plaintiff's mortgage was in default at the time defendant became the assignee). See also Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 360 (6th Cir. 2012) (finding that plaintiffs had sufficiently alleged the defendants were debt collectors because, among other reasons, "the Defendants sought collection of [plaintiffs'] 'debt' which they claimed was already in default at the time they obtained it"); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536-39 (7th Cir. 2003) (plaintiffs sufficiently alleged that defendant was a debt collector when it acquired a mortgage it mistakenly believed to be in default and then sent a notice of default demanding full payment of the balance); Zirogiannis v. Dreambuilder Invs. LLC, 782 F. Supp. 2d 14, 19-20 (E.D.N.Y. 2011) (granting motion to dismiss because plaintiff did not allege that defendant acquired loan after it had gone into default); Dolan v. Fairbanks Capital Corp., No. 03-CV-3285 DRH AKT,

2008 WL 4515932, at *10-11 (E.D.N.Y. Sept. 30, 2008) (plaintiff sufficiently alleged mortgage loan servicer was a debt collector when it began servicing the loan after default).[2]

Capital One argues that this rule does not comport with the plain language of the FDCPA, which does not define a "debt collector" in terms of whether the debt was in default at the time of assignment. [Doc. 16-1 at 9-10]. Capital One argues that the fact Mr. Davidson's debt was already in default is only relevant to disentitle Capital One from relying on the exception to the definition found at 15 U.S.C. § 1692a(6)(F)(iii). [Id. at 11-13]. Thus, according to Capital One, because it purchased the credit card receivable accounts from HSBC, it was attempting to collect a debt owed to itself — and not owed to any other entity — when it filed suit against Mr. Davidson.

Capital One's position is not without some merit under a

---

[2] Some courts go further and hold that the assignee of a debt in default is *necessarily* a debt collector. See Ruth v. Triumph P'ships, 577 F.3d 790, 796 (7th Cir. 2009) ("Where, as here, the party seeking to collect a debt did not originate it but instead acquired it from another party, we have held that the party's status under the FDCPA turns on whether the debt was in default at the time it was acquired."); McKinney v. Cadleway Props., Inc., 548 F.3d 496, 502 (7th Cir. 2008) ("[A]n agency in the business of acquiring and collecting on defaulted debts originated by another is a debt collector under the FDCPA even though it actually may be collecting for itself."); FTC v. Check Investors, Inc., 502 F.3d 159, 173 (3d Cir. 2007) ("[O]ne attempting to collect a debt is a 'debt collector' under the FDCPA if the debt in question was in default when acquired.").

literal construction of the FDCPA's language. But the courts that have ruled otherwise reason that a person who acquires a debt after it has gone into default and then attempts to collect that debt effectively *is* collecting the debt for another. To rule otherwise would be to allow a debt collector to avoid liability simply by purchasing the debt from the original creditor before attempting to collect. E.g., Check Investors, 502 F.3d at 172-73 ("Although the argument is rather clever, it is wrong. It would elevate form over substance and weave a technical loophole into the fabric of the FDCPA big enough to devour all of the protections Congress intended in enacting that legislation."). The undersigned finds the reasoning of the Seventh Circuit to be instructive on this point:

> [F]or debts that do not originate with the one attempting collection, but are acquired from another, the collection activity related to that debt could logically fall into either category [of "creditor" or "debt collector."] If the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector.

Schlosser, 323 F.3d at 536.

In this case, Mr. Davidson alleges that Capital One acquired his debt after default and, three months later, filed suit in state court to collect on the debt. Under the reasoning applied by the court in Schlosser, Mr. Davidson has sufficiently alleged that Capital One was acting more like a debt collector than a creditor.

11

Capital One argues that this Court should instead adopt the position of the Ninth Circuit in <u>Schlegel v. Wells Fargo Bank, N.A.</u>, 720 F.3d 1204, 1209-10 (9th Cir. 2013), where the court held that Wells Fargo was not a debt collector when it acquired the plaintiffs' mortgage after default and sent several notices demanding payment because it was attempting to collect a debt owed to itself. But <u>Schlegel</u> is easily distinguishable in light of the reasoning applied by <u>Schlosser</u>. Even though Wells Fargo acquired the <u>Schlegel</u> plaintiffs' mortgage after default, the plaintiffs alleged that Wells Fargo had proposed and approved a loan modification plan before sending any notices of default. <u>Id.</u> at 1206-07. Even though the Ninth Circuit did not stress this point, the district court relied on <u>Schlosser</u> and found that approving the loan modification was "creditor" behavior sufficient to disqualify Wells Fargo from being a debt collector in that particular case. <u>Schlegel v. Wells Fargo Bank, N.A.</u>, 799 F. Supp. 2d 1100, 1105-06 (N.D. Cal. 2011). By contrast, Mr. Davidson here has not alleged that Capital One took any action with respect to his defaulted debt other than filing a lawsuit to collect it. On these allegations, construing them in the light most favorable to Mr. Davidson, I conclude that Mr. Davidson's amended complaint plausibly alleges that Capital One is a debt collector as defined in the FDCPA.

Accordingly, Mr. Davidson has sufficiently alleged that Capital

12

One is a debt collector under the FDCPA so as to state a claim for relief. The undersigned therefore **RECOMMENDS** that Capital One's motion to dismiss the amended complaint, [Doc. 16], be **DENIED**.

## II.
## Motion for Class Certification

Mr. Davidson moved the Court for class certification on July 12, 2013, the day after he filed his initial complaint in this action and before Capital One had been served with process. [Doc. 3]. On September 26, 2013, Mr. Davidson filed his amended complaint. [Doc. 13]. On October 11, 2013, the undersigned issued an order granting Mr. Davidson's motion to suspend the briefing schedule for the motion for class certification, informing the parties that Capital One need not file a response to the motion for class certification until directed by the Court. [Doc. 21].

Upon review, it appears that Mr. Davidson's filing of his amended complaint has rendered his earlier motion for class certification technically moot. See LR 23.1B, NDGa; Belton v. Alamo Claim Serv., No. 12-cv-1306, 2013 WL 659510, at *1 (C.D. Ill. Feb. 22, 2013); Kiobel v. Royal Dutch Petroleum Co., No. 02-CV-7618(KMW)(HBP), 2006 WL 7150834, at *1 (S.D.N.Y. Feb. 10, 2006) ("[T]he general practice upon the filing of an amended complaint is to deny any pending class certification motions as moot." (citing Smith v. Short Term Loans, LLC, No. 99 C 1288, 2001 WL 127303, at

13

*12 (N.D. Ill. Feb. 14, 2001); <u>Kent-Chojnicki v. Runyon</u>, No. 96CV360, 1998 WL 474191, at *4 (W.D.N.Y. Apr. 28, 1998); <u>Weinberg v. Lear Fan Corp.</u>, 627 F. Supp. 719, 721 (S.D.N.Y. 1986))). Accordingly, if the district judge adopts the above recommendation that Capital One's motion to dismiss the amended complaint be denied, the undersigned **RECOMMENDS** that the motion for class certification based on the initial complaint be **DENIED AS MOOT** and that Mr. Davidson be allowed **twenty days** after the date of the district judge's order to renew his motion for class certification based on the amended complaint.

### III.
### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Capital One's motion to dismiss the amended complaint, [Doc. 16], be **DENIED.**

If the district judge adopts the above recommendation, **IT IS FURTHER RECOMMENDED** that Mr. Davidson's motion for class certification, [Doc. 3], be **DENIED AS MOOT** and that Mr. Davidson be granted **twenty days** from the date of the district judge's order to file a renewed motion for class certification.

**SO REPORTED AND RECOMMENDED**, this 11th day of December, 2013.

s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

14