**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KEITH DAVIDSON, on behalf of plaintiff and a class,** | |
| **Plaintiff,** | |
| v. | 1:13-cv-2307-WSD-ECS |
| **CAPITAL ONE BANK (USA), N.A.,** | |
| **Defendant.** | |

## ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Non-Final Report and Recommendation [22] ("R&R") recommending that Defendant's Motion to Dismiss [11] be denied as moot. Also before the Court is Plaintiff's Motion to Certify Class [3].

On July 11, 2013, Plaintiff Keith Davidson ("Plaintiff"), on behalf of himself and a class of similarly situated individuals, filed his Complaint [1] alleging that Defendant Capital One Bank (USA), N.A. ("Defendant") violated certain provisions of the Fair Debt Collection Practices Act ("FDCPA"). On July 12, 2013, Plaintiff filed his Motion to Certify Class seeking the certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure.

On August 29, 2013, Defendant filed its Motion to Dismiss on the ground

that Plaintiff's Complaint fails to state a claim upon which relief can be granted. On September 12, Plaintiff filed, as a matter of course under Rule 15(a), his Amended Complaint [13] asserting FDCPA claims against Defendant.

On October 15, 2013, Magistrate Judge Scofield issued his R&R recommending that the Motion to Dismiss be denied as moot because of the filing of the Amended Complaint.  Neither party filed objections, or otherwise responded, to the R&R.

The Court does not find error in the R&R's recommendation.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam) (noting that the district court reviews only for plain error a report and recommendation to which no objection is made).  Because Plaintiff filed his Amended Complaint, Defendant's Motion to Dismiss the original Complaint is moot.  See, e.g., Sheppard v. Bank of Am., NA, No. 1:11-CV-4472-TWT, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012); see also Lowery v. Ala. Power Co., 483 F.3d 1184, (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").[1]  Accordingly,

---

[1] As noted by the Magistrate Judge, Plaintiff's Motion to Certify Class is also moot because of the filing of the Amended Complaint.  See Kiobel v. Royal Dutch Petroleum Co., No. 02-cv-7618, 2006 WL 7150834, at *1 (S.D.N.Y. Feb. 10, 2006) (explaining that a motion to certify a class becomes moot after the filing of an amended complaint "because the new complaint meaningfully changes the

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Non-Final Report and Recommendation [22] is **ADOPTED**. Defendant's Motion to Dismiss [11] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Class [3] is **DENIED WITHOUT PREJUDICE** to re-filing in accordance with Local Rule 23.1

**SO ORDERED** this 27th day of February, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

analysis under Rule 23 of the motion to certify"). Plaintiff's Motion to Certify Class is thus denied without prejudice to re-filing within the time limits provided in Local Rule 23.1.