IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH DAVIDSON, on behalf of
plaintiff and a class,

            Plaintiff,

      v.                                    1:13-cv-2307-WSD-ECS

CAPITAL ONE BANK (USA), N.A.,

            Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's

Report and Recommendation [32] ("R&R") recommending that Defendant Capital

One Bank (USA), N.A.'s ("Defendant") Motion to Dismiss [16] be denied and that

Plaintiff Keith Davidson ("Plaintiff") be given twenty days after the date of the

Court's order to renew his motion for class certification.  The Court will also

consider Defendant's Motion for Hearing [36] ("Hearing Motion") regarding its

Objection [35] to the R&R and its Motion for Leave to File Reply in Support of

Objection [38] ("Motion for Leave"), and Plaintiff's Motion to Certify Class [41].

## I.      BACKGROUND

This case involves a matter of first impression in the circuit, and is decided

against the following factual, procedural, and statutory backdrop.

On September 12, 2013, Plaintiff, on behalf of himself and a class of similarly situated individuals, filed his Amended Complaint [13] alleging that Defendant violated certain provisions of the Fair Debt Collection Practices Act ("FDCPA").[1]  Plaintiff alleges that Defendant regularly acquired credit card portfolios containing millions of dollars of delinquent or defaulted accounts, including its acquisition of twenty-eight (28) billion dollars of credit card accounts originally held by HSBC Bank Nevada, N.A. ("HSBC"), which included Plaintiff's credit card account.  (Am. Com. at ¶¶ 7-8, 11, 15, 21, 25).[2]  Plaintiff alleges that

---

[1]     On June 11, 2013, Plaintiff filed his original complaint [1], asserting FDCPA claims against Defendant, and, on July 12, 2013, Plaintiff filed his first motion to certify class [3] seeking the certification as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  On August 29, 2013, Defendant filed its first motion to dismiss [11] on the grounds that Plaintiff's Complaint failed to state a claim upon which relief could be granted.  On October 15, 2013, the Magistrate Judge issued a Non-Final Report and Recommendation [22] recommending that that Defendant's first motion to dismiss be denied as moot because of the filing of the Amended Complaint.  On February 27, 2014, the Court adopted [40] the Magistrate Judge's Non-Final Report and Recommendation, denied Defendant's motion to dismiss as moot and denied without prejudice Plaintiff's motion to certify class.

[2]     Plaintiff alleges that HSBC brought a suit against Plaintiff to collect on Plaintiff's credit card account, and that a judgment was entered in favor of HSBC in the sum of $500.  (Am. Com. at ¶¶ 21, 23).  Plaintiff alleges that the underlying credit card agreement merged into the judgment by operation of law.  (Id. at ¶ 24).  Plaintiff further alleges that this account was sold by HSBC to Defendant, and that Defendant filed a new suit to collect $1,149.96 on this account, despite the judgment reducing this amount to $500.  (Id. at ¶¶ 25-26, 32).  Plaintiff does not appear to specifically allege whether he paid or defaulted on the payment of the $500 judgment prior to Defendant's purchase of the account.

many of the credit card receivables on accounts issued by Defendant are securitized, and thus are actually owned by others. (Id. at ¶ 16-17).[3]  Plaintiff alleges that Defendant's regular course of business is to attempt to collect such acquired defaulted debts. (Id. at 18).  Plaintiff thus claims that Defendant is a "debt collector," as defined by the FDCPA, with respect to the delinquent or defaulted accounts it acquired from HSBC and other credit card companies. (Id. at 20).  Plaintiff alleges that Defendant violated the FDCPA by undertaking to collect on Plaintiff's credit card account. (Id. at 29-35, 44).

On September 26, 2013, Defendant filed its Motion to Dismiss, asserting that it was not a "debt collector" subject to the provisions of the FDCPA, because it was undertaking to collect debt that was owed to it, and not debt "owed or due another."

On December 11, 2014, the Magistrate Judge issued his R&R, finding that Plaintiff had asserted sufficient facts to raise a plausible inference that Defendant was a "debt collector" as defined under the FDCPA. (R&R at 7).[4]

---

[3]    Plaintiff does not allege that his account was securitized.

[4]    The Magistrate Judge recommended that the Court deny Defendant's Motion to Dismiss, and recommended providing Plaintiff with twenty (20) days from the date of the Court's order to renew his previously dismissed motion for class certification based upon the allegations in the Amended Complaint.

On January 6, 2014, Defendant filed its Objection to the R&R and the Hearing Motion.  On January 20, 2014, Plaintiff filed his Response [37] to Plaintiff's Objection to the R&R.  On January 28, 2014, Defendant filed its Motion for Leave, and on January 31, 2014, Plaintiff filed his Response [39] to the Motion for Leave.  On March 19, 2014, Plaintiff filed his renewed Motion to Certify Class [41].

## II.    DISCUSSION

### A.    Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1)(C); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  In the absence of objections, a district judge reviews the magistrate judge's findings and recommendations for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.    Analysis

The Magistrate Judge noted that the sole issue before him was whether Plaintiff had sufficiently alleged that Defendant was a "debt collector" under the FDCPA.  (R&R at 7).  Because Defendant objects to the Magistrate Judge's conclusion in the R&R that Defendant is a "debt collector," the Court reviews the Magistrate Judge's findings and recommendations *de novo*.  See 28 U.S.C. § 636(b)(1)(C).

1.    Debt Collector Defined By FDCPA

The FDCPA protects consumers from unfair, harassing, or deceptive debt collection practices by debt collectors.  15 U.S.C. § 1692e; Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009).  The FDCPA defines the term "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added).

To qualify as a "debt collector" under the FDCPA, a person must fall within one of the two definitions of § 1692a(6).  They must either be "a person who uses an instrumentality of interstate commerce or the mails in a business which has the principal purpose of collecting debts, or who regularly collects debts owed to

5

another."  <u>Warren v. Countrywide Home Loans, Inc.</u>, 342 F. App'x 458, 460 (11th Cir. 2009) (emphasis added).

The second definition -- the regular collection or attempt at collection of "debts owed or due or asserted to be owed or due another" -- has an exception to it. Section 1692a(6)(F) specifically states: "[t]he term ['debt collector'] does not include -- any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ."  15 U.S.C. § 1692a(6)(F).  Thus § 1692a(6)(F) excludes from debts "owed or due or asserted to be owed or due another" a debt that was "not in default at the time it was obtained by [a] person [who regularly collects debts.]"  <u>See</u> <u>id.</u>

That is, the second prong, when read consistent with the exception, provides that a person who regularly collects debts, owed or due or asserted to be owed or due another person, is a "debt collector," if the debts being collected were in default when acquired.

The FDCPA also defines a "creditor" as:

<u>any person</u> who offers or extends credit creating a debt or <u>to whom a debt is owed</u>, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4) (emphasis added).

2.   <u>Interpretation of Section 1692(a)(6)</u>

Defendant's objection is to the Magistrate Judge's interpretation and application of the second prong of § 1692a(6).  Plaintiff and the Magistrate Judge appear to interpret the § 1692a(6)(F) exception or the definition of creditor in § 1692a(4), or both, as creating a loophole that allows Defendant to avoid application of the FDCPA.  Plaintiff and the Magistrate Judge believe this "loophole" violates the intent of the statute by excluding a party they contend is intended to be covered.  They argue that reading the FDCPA definitions as a whole requires the statute to be applied to Defendant here.  They rely on cases, including those from two other circuits, to support their FDCPA interpretation.  A careful reading of the statute and these other cases shows the argument upon which Plaintiff and the Magistrate Judge relies does not support the interpretation or application of the FDCPA that they urge.  The only issue here is whether Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  <u>See</u> 15 U.S.C. § 1692a(6).

The process for reviewing the requirements of a statute are summarized by our Circuit in <u>United States v. DBB, Inc.</u>, 180 F.3d 1277 (11th Cir. 1999):

> There are several canons of statutory construction that guide our interpretation of the statute. The starting point for all statutory interpretation is the language of the statute itself.  We assume that Congress used the

> words in a statute as they are commonly and ordinarily understood, and we read the statute to give full effect to each of its provisions.  We do not look at one word or term in isolation, but instead we look to the entire statutory context.  We will only look beyond the plain language of a statute at extrinsic materials to determine the congressional intent if: (1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent.

DBB, 180 F.3d at 1281 (internal citations omitted); see also Burlison v.

McDonald's Corp., 455 F.3d 1242, 1245-47 (11th Cir. 2006).

The statutory language in § 1692a(6) is unambiguous.  Neither party claims otherwise.  A "debt collector," defined in the disjunctive, is any person (1) "in any business the principal purpose of which is the collection of any debts" or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  See 15 U.S.C. § 1692a(6) (emphasis added).  It is undisputed that the principal purpose of Defendant's business is not debt collection, see R&R at 7; Res. to Mot. to Dismiss at 5, and that the first prong of the disjunctive definition does not apply.  The only issue is whether the second prong of § 1692a(6) includes Defendant as a "debt collector."  The Court finds it does not.  Defendant does not regularly attempt to collect debts owed or due another.[5]  Defendant attempts only to collect debts that are owed to it as of the date

---

[5]      To "owe" something is to need to pay or repay money to someone.  See Merriam-Webster, http://www.merriam-webster.com/dictionary/owe (last visited

they were assigned.  (See Am. Com. at ¶¶ 11, 25-26).  To rule otherwise would

ignore the phrase "owed or due or asserted to be owed or due another," or, it would

require the Court to rewrite the statute to state "[originally or formerly or

previously] owed or due or asserted to be [originally or formerly or previously]

owed or due another."[6]  The Court, however, is "not allowed to add or subtract

words from a statute [or to] rewrite it."  See Friends of Everglades v. S. Florida

Water Mgmt. Dist., 570 F.3d 1210, 1224 (11th Cir. 2009); see also Lamie v. U.S.

Tr., 540 U.S. 526, 538 (2004) (rejecting an interpretation that would have the

Aug. 6, 2014).  "Due" is described as "owed or owing as a debt."  See Merriam-
Webster, http://www.merriam-webster.com/dictionary/due (last visited Aug. 6,
2014).  "Another" is defined as "different or distinct from the one first considered"
or "one that is different: someone or something else."  See Merriam-Webster,
http://www.merriam-webster.com/dictionary/another (last visited Aug. 6, 2014).

[6]      It is conceivable that a person collecting debts "owed or due another" will
have acquired the debt for the original lender and will, upon successful collection
of the debt, remand some or all of the collected debt to the original lender.
Plaintiff has not alleged that Defendant will remand any portion of the collected
debt to HSBC and, even if he did, the Court does not take a position on whether
even under these circumstances Defendant would be a "debt collector" under the
FDCPA.  The Court notes that Plaintiff alleged that Defendant "acquired credit
card portfolios of HSBC" and that Plaintiff's account "was one of those sold by
HSBC to [Defendant]."  (Am. Com. at ¶¶ 8, 11, 25).  Plaintiff does not allege that
HSBC or any other transferor of debt retained any ownership or other interest in
the delinquent or defaulted debts transferred.  Plaintiff also alleges that over 96%
of the total debt acquired by Defendant from HSBC was not delinquent or in
default, suggesting the credit card accounts and related debts, including Plaintiff's,
were acquired to be owned by Defendant.  (See Am. Com. at ¶11-13).  The Court
concludes that Defendant is seeking to collect the debt solely for itself and not on
behalf of any other person.

Court "read an absent word into the statute. That is, his argument would result 'not [in] a construction of [the] statute, but, in effect, an enlargement of it by the court . . . .'") (citations omitted); <u>Nguyen v. United States</u>, 556 F.3d 1244, 1256 (11th Cir. 2009) ("We are not authorized to rewrite, revise, modify, or amend statutory language in the guise of interpreting it."). The Court may look beyond this clear statement of congressional intent only if applying the language Congress enacted would lead to an absurd result or if there is clear evidence of contrary legislative intent. <u>See DBB</u>, 180 F.3d at 1281. It does not here.

To interpret § 1692a(6) to require that the debt in question be owed or due another to satisfy the second prong of § 1692a(6) does not preclude a person or entity who is owed a debt from being a "debt collector" under the first prong of § 1692a(6), and thus does not erode the protections the FDCPA grants to consumers. Although the Court does not rely on legislative history to interpret the plain language of the FDCPA, it notes that its interpretation comports with congressional intent and Congress's concern about independent debt collectors, which Defendant is not.[7]

---

[7]     In enacting the FDCPA, Congress was primarily concerned with independent debt collectors. <u>See</u> S. Rep. 95-382, *3, 1977 U.S.C.C.A.N. 1695, 1697 ("The committee intends the term 'debt collector,' subject to the exclusions discussed below, to cover all third persons who regularly collect debts for others. The primary persons intended to be covered are independent debt collectors.").

The Court concludes that the plain and unambiguous language of the second prong of § 1692a(6) limits the definition of "debt collectors" to entities that are attempting to collecting debts "owed or due another."  See 15 U.S.C. § 1692a(6).  Defendant is attempting to collect a debt owed to it, and, thus, is not a "debt collector" under the FDCPA.

---

Congress noted that "[u]nlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them."  Id. at *2.

Defendant is not a third-party debt collector.  As Plaintiff alleges in the Amended Complaint, Defendant acquired twenty-eight (28) billion dollars of credit card accounts originally held by HSBC.  (Am. Com. at ¶¶ 7-8, 11).  The Amended Complaint alleges a transfer of ownership and the risk associated with the debt acquired.  Plaintiff does not allege the debt was acquired by Defendant to collect it for anyone other than for Defendant.  Plaintiff alleges that "over $1 billion of the acquired accounts were . . . delinquent or in default at the time of acquisition."  (Id. at ¶ 12).  Plaintiff, thus, alleges that Defendant acquired credit card accounts of which approximately 3.57% were delinquent or in default at the time of acquisition, which Plaintiff noted is average for the time period.  (See id. at ¶ 13) (noting that, according to S&P/Experian Consumer Credit Default Indices, the default rate on credit cards in December 2012 was 3.53%).

Defendant, who Plaintiff alleges acquired a substantial number of non-defaulted credit card accounts, acts here like a creditor that would generally be restrained in its desire to protect its goodwill when collecting on delinquent accounts, as opposed to a third-party debt collector that will have no future contact with the consumer.  The Court interpretation of "debt collector" thus comports with legislative history.

3.   The Magistrate Judge's Decision

In considering the Magistrate Judge's R&R and the contentions of the parties, the Court considers the Magistrate Judge's different conclusion that the only requirement to successfully allege that a defendant is a "debt collector" pursuant to the second prong of § 1692a(6) is to allege that the defendant acquired debt that was in default when acquired.  (R&R at 10-11).  The Court specifically reviews the authorities upon which the Magistrate Judge relied to reach the conclusion he reached.

The Magistrate Judge correctly found that liability under the FDCPA attaches only to debt collectors.  See Hasbun v. Recontrust Co., N.A., 508 F. App'x 941, 942 (11th Cir. 2013); Goia v. CitiFinancial Auto, 1:10-cv-2405, 2012 WL 113647, at *11 (N.D. Ga. Jan. 13, 2012) ("However, the FDCPA, by its terms, only applies to 'debt collectors' and defines them as those who regularly enforce the debts of another or whose principal business purpose is the enforcement of security interests.").

The Magistrate Judge then noted that creditors generally are not liable under the FDCPA when collecting amounts owed to them in their capacity as creditors. The Magistrate Judge noted further that it is possible to be both a "creditor" and a "debt collector" subject to the FDCPA.  R&R at 7;  see also Bates v.

Novastar/Nationstar Mortgage LLC, 1:08-cv-1443, 2008 WL 2622810, at *6 (N.D. Ga. June 24, 2008) ("FDCPA definitions for creditor and debt collector are separate but overlap, allowing for the possibility that a creditor could also be a 'debt collector' subject to the statute, if the debt was already in default at the time the creditor acquired it."); Kuria v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293, 1301 (N.D. Ga. 2010) ("a third party who buys debt already in default may be liable for FDCPA violations as a 'debt collector' despite having 'creditor' status.") (citing Bates); but see Frazer v. IPM Corp. of Brevard, Inc., 767 F. Supp. 2d 1369, 1379-80 (N.D. Ga. 2011) ("Thus, [t]he FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'") (citing McKinney v. Cadleway Props., Inc., 548 F.3d 496, 500 (7th Cir. 2008)) (internal quotations omitted).  The Court agrees with these preliminary conclusions reached by the Magistrate Judge.

A determination that a person is a "creditor" for FDCPA purposes does not itself foreclose that the creditor can also meet the definition of "debt collector" for the purpose of coverage under § 1692a(6) of the FDCPA.  "A plaintiff's ability to properly classify a defendant as a debt collector is critical because the 'FDCPA applies only to 'debt collectors' whose conduct involves the collection [of] a debt'" Underhill v. Bank of Am., N.A., 1:13-c.v-2614, 2014 WL 587868, at *11 (N.D.

Ga. Feb. 14, 2014) (citations omitted).  The question in a case like this is always whether the activities alleged of the person engaging in them qualifies the person as a "debt collector" for FDCPA purposes.  That the person was at another time and in another way acting as a creditor does not preclude the requirement to evaluate if the person is a "debt collector" in other activities.

The Magistrate Judge interpreted § 1692a(6)'s second prong as including any person who acquired debt that was in default when acquired.  The Magistrate Judge determined that collection activity on the debt in this case -- because it appears to have been in default when acquired -- was covered by the FDCPA. (R&R at 10-11).[8]  The Magistrate Judge rejected Defendant's claim that the second

---

[8]     While Plaintiff did allege sufficient facts to establish that he defaulted on his HSBC credit card account, (Am. Com. at ¶¶ 21, 23), Plaintiff does not allege that he defaulted on the $500 judgment that he claims merged with his credit card account prior to HSBC transferring Plaintiff's account to Defendant.  A determination that the debt in this case was not actually in default when it was acquired by Defendant, despite Defendant's treatment of the debt as if it was defaulted, could potentially be dispositive.  See Comer v. J.P. Morgan Chase Bank, N.A., 11-cv-88, 2011 WL 5878400, at *3 (M.D. Ga. Nov. 23, 2011) ("debt must be 'in default,' *not allegedly in default,* for a company like Chase, which is not in the business of collecting another's debt, to be considered a debt collector.") (emphasis in original) (citing 15 U.S.C. § 1692a(6)(F)); but see Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 362 (6th Cir. 2012) ("debt collector" is any "debt holder that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition.  It matters not whether such treatment was due to a clerical mistake, other error, or intention.") (emphasis added).  Despite the uncertainty in Plaintiff's allegations, the Magistrate Judge and the parties have all treated the debt as if it were in default when acquired.  Defendant, the potential beneficiary of a

prong applied only if Defendant was collecting a "debt owed or due another" and that Defendant's collection activity was of a debt -- albeit in default when acquired -- that Defendant owned.  The Magistrate Judge did not find significant that Defendant was not collecting a debt on behalf of someone else.  In reaching this conclusion the Magistrate Judge incorrectly interprets the § 1692a(6)(F) exception that excludes from the definition of "debt collector" these persons who are collecting debts that were not in default when acquired.  In doing so, the Magistrate Judge denied meaning to the other language in the exception that the person collecting the  debt "not in default" must still have been collecting a debt "owed or due another."  The Magistrate Judge stated that his interpretation of § 1692a(6) was supported by opinions of other district courts in the Eleventh Circuit, and supported by the majority of circuits that have addressed the issue of an entity, like Defendant, acquiring a large portfolio of debt and seeking to collect it.  The Magistrate Judge found that these other decisions stood for the proposition that an allegation that a defendant regularity seeks to collect on debts acquired after

decision that the debt was not in default when acquired, asserts that Plaintiff defaulted on his HSBC account, that Defendant acquired this account, and Defendant filed a suit against Plaintiff to recover amounts "owed on the account." (Obj. at p. 5).  Defendant does not assert that it is entitled to the § 1692a(6)(F) exception based upon non-default by Plaintiff.  The Court, thus, assumes the debt in this case was in default when acquired by Defendant.

default is sufficient to qualify the collecting entity as a debt collector, at least at the pleading stage. (R&R at 8-10).

Although the parties do not dispute that the debt at issue was in default when acquired, this fact does not necessarily lead to the conclusion that Defendant is a debt collector. It only supports that the exemption for those who seek to collect a debt that was not in default when acquired does not apply.[9] The Magistrate Judge appears to interpret the § 1692a(6) language "owed or due or asserted to be owed or due another" to mean a debt that is originally owed or due another that is then acquired (and thus owned) by the acquirer, who then seeks to collect it. This is not consistent with the language of the exception.[10]

The Magistrate Judge, to support the interpretation offered, relies on several categories of cases that do not apply here. The first category includes cases under which the defendant's principal business purpose was the collection of debts and, accordingly, the defendant qualified as a "debt collector" under the first prong of

---

[9] The cases relied upon by the Magistrate Judge do not concern an entity that acquired debt in default where the acquiring entity was also not a "business the principal purpose of which is the collection of []debts," thus, requiring an analysis of the second prong of § 1692a(6). The cases all are otherwise distinguishable.

[10] The argument appears rooted in a concern that a person other than the original creditor could collect a defaulted debt without being subject to the requirements of the FDCPA solely by acquiring the debt from the original creditor. As discussed *infra*, this concern is misplaced.

§ 1692a(6).  Kuria v. Palisades Acquisition XVI, LLC falls into the first category of cases the Magistrate Judge cited to support his conclusions.  Kuria, and cases like it, do not apply here.  In Kuria, the Court determined that the defendant, which was "engaged in the business of buying and collecting debts that are in default," qualified as a debt collector despite attempting to collect debts owed to it and thus also qualifying as a creditor.  See Kuria, 752 F. Supp. 2d at 1296, 1301.  The Kuria Court noted that an entity, even if it meets the definition of a "creditor," may be treated as a "debt collector" under the FDCPA provided the entity is in the business of collecting debts.   That is, an entity that purchases a debt already in default at the time of purchase for the purpose of collecting it is a debt collector so long as the entity's business is debt collection.  Id. at 1301.

Kuria does not, however, stand for the proposition that an entity is automatically a "debt collector" based solely upon the debt being in default when acquired.  The Kuria decision begins with a factual finding that the defendant "is engaged in the business of buying and collecting debts that are in default."  Id. at 1296.  This fact was undisputed by the plaintiff.  Id. at 1301.  While not explicitly stated in the opinion, likely because it was self-evident, the defendant in Kuria thus qualified as a "debt collector" under the first prong of § 1692a(6), because it was an entity whose principal purpose is the collection of debts.  Kuria stands for the

17

unremarkable proposition that an entity that qualifies as a "debt collector" under the first prong of § 1692a(6) does not avoid its qualification as a debt collector just because it also is collecting debt owed to it.  The Court agrees with the Kuria Court's implicit conclusion that one can be both a "debt collector" and a "creditor" if the entity's principal purpose is the collection of debts and it qualifies as a debt collector under the first prong of § 1692a(6).  Kuria does not apply to this case, because Defendant's principal business is not debt collection.  (R&R at 7; Res. to Mot. to Dismiss at 5).[11]

The second category of cases focus on whether debt was or was not in default when acquired.  When debts are not in default when acquired, § 1692a(6)(F) plainly excludes the acquirer from the definition of "debt collector." It thus is not necessary to evaluate whether the entity qualifies as a debt collector under the second prong of § 1692a(6).  See De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1074 (9th Cir. 2011) (Concluding that the debt was not in default

---

[11]     The Magistrate Judge also relied upon Dolan v. Fairbanks Capital Corp., 03-cv-3285, 2008 WL 4515932 (E.D.N.Y. Sept. 30, 2008).  While not explicitly stated in the opinion, it is clear that the Dolan Court considered the defendant's principal business to be debt collection, and thus its discussion on whether the debt was in default at the time it was acquired was necessary, as the ownership of the debt was irrelevant to a determination of the defendant's status as a debt collector. Dolan, 2008 WL 4515932, at *11.  The Dolan Court cited to several cases, and summarized them by noting that these cases found the defendants to be debt collectors when the debt was acquired after default and where the principal purpose of each defendant's business was debt collection.  Id.

when acquired and noting that "[r]ather than deciding whether a debt servicer falls under the primary definition of a debt collector, we follow the simpler path."); cf. Bradford v. HSBC Mortgage Corp., 829 F. Supp. 2d 340, 350 n.21 (E.D. Va. 2011) ("As a matter of logic and statutory structure, acquiring a debt that was in default at the time simply makes a defendant ineligible for this particular exclusion from the definition of 'debt collector;' it does not follow from this ineligibility that the defendant satisfies the definition of 'debt collector' that § 1692a(6) puts forth or cannot be considered a 'creditor' pursuant to § 1692a(4)").

The Magistrate Judge's reliance on the Court's prior decision in Bates falls into this second category of cases.  In Bates, the plaintiff failed to prove that the debt was in default when it was acquired by the defendant from the original lender. Bates, 2008 WL 2622810, at *6.  The Bates Court set out the definition of "debt collector" under § 1692a(6), but then referenced the exclusion in § 1692a(6)(F), excluding from the term "debt collector" those seeking to collect debts that are not in default when acquired.  Id.  The Court in Bates was entitled to conclude that the defendant was not a debt collector by determining that it was not primarily in the business of collecting defaulted debts (first prong of § 1692a(6)) and that it did not regularly attempt to collect debts owed to another (second prong of § 1692a(6)). The Bates Court chose instead to apply the § 1692a(6)(F) exception, avoiding the

need to interpret or apply the § 1692a(6) prongs.  In the case here, Defendant

concedes that the debt was in default when it was acquired and the § 1692a(6)(F)

exception, by its terms, does not apply.  Unlike in <u>Bates</u>, the Court here is required

to interpret § 1692a(6)'s prongs to determine if Defendant is a debt collector.

<u>Bates</u> does not assist in that evaluation.[12]

The third category of cases the Magistrate Judge cites are all cases decided

by courts outside the Eleventh Circuit, specifically a Seventh Circuit case,

<u>Schlosser v. Fairbanks Capital Corp.</u>, 323 F.3d 534 (7th Cir. 2003), and a Third

Circuit case, <u>F.T.C. v. Check Investors, Inc.</u>, 502 F.3d 159 (3d Cir. 2007) (and

---

[12]     The Magistrate Judge also relied upon <u>Monroe v. CitiMortgage, Inc.</u>, 8:07-cv-0066, 2007 WL 1560194, at *2 (M.D. Fla. May 29, 2007) (taking the same shortcut discussed in <u>Bates</u>).  Similarly, <u>Zirogiannis v. Dreambuilder Investments LLC</u>, 782 F. Supp. 2d 14, 19-20 (E.D.N.Y. 2011), like <u>Bates</u>, involved the dismissal of a complaint for failure to allege that the debt was in default when acquired.  <u>Zirogiannis</u>, 782 F. Supp. at 19-20.  The Magistrate Judge's reliance on <u>Bridge v. Ocwen Fed. Bank, FSB</u>, 681 F.3d 355 (6th Cir. 2012) also is misplaced. <u>Bridge</u> concerned the attempt to collect a debt that was mistakenly believed to be in default at the time it was acquired.  <u>Bridge</u>, 681 F.3d at 360.  The <u>Bridge</u> decision hinged on whether the fact that the debt was not actually in default when acquired removed defendant from the definition of "debt collector."  <u>Id.</u> at 362-363.  It concluded that it did not, as the defendant mistakenly acted as if the debt was in default.  <u>Id.</u>  While this case is cited by the Magistrate Judge for the proposition that the only criteria for being a "debt collector" is that the debt be in default when acquired, the Court in <u>Bridge</u> noted that plaintiff properly pleaded that the lack of an assignment of record of the debt rendered it one "due another." <u>Id.</u> at 360.  <u>Bridge</u> thus involved the allegation of debt owned by someone other than the entity seeking the debt's payment.

cases which rely upon these two decisions).  In <u>Schlosser</u>, the Seventh Circuit

observed:

> For purposes of applying the Act to a particular debt, these two categories—
> debt collectors and creditors—are mutually exclusive.  However, for debts
> that do not originate with the one attempting collection, but are acquired
> from another, the collection activity related to that debt could logically fall
> into either category.  If the one who acquired the debt continues to service it,
> it is acting much like the original creditor that created the debt.  On the other
> hand, if it simply acquires the debt for collection, it is acting more like a debt
> collector.

<u>Schlosser</u>, 323 F.3d at 536.

In <u>Check Investors</u>, the Third Circuit relied upon the reasoning in <u>Schlosser</u>.

The court in <u>Check Investors</u>, like the court in <u>Schlosser</u>, rejected an argument that

the defendant owned the debt and thus was a "creditor," and thus not a "debt

collector".  <u>Check Investors</u>, 502 F.3d at 173-74.

The court in <u>Check Investors</u> noted:

> Appellants argue that Check Investors satisfies the statutory definition of a
> "creditor," and, therefore, they are not subject to the provisions of the
> FDCPA.  Although the argument is rather clever, it is wrong.  It would
> elevate form over substance and weave a technical loophole into the fabric
> of the FDCPA big enough to devour all of the protections Congress intended
> in enacting that legislation.

<u>Id.</u> at 172-73.

<u>Schlosser</u> and <u>Check Investors</u> do not apply here.  A careful reading of

<u>Schlosser</u> and <u>Check Investors</u> shows that both of these cases involved entities

whose principal business was the acquisition of defaulted debt for collection

purposes.  See Schlosser, 323 F.3d at 535 ("[Defendant] acquired 12,800 allegedly

delinquent high-interest mortgages from ContiMortgage, including one owed by

the plaintiffs");[13] Check Investors, 502 F.3d at 162 ("Check Investors is in the

business of purchasing large numbers of checks written on accounts with

insufficient funds.").  The defendants in these cases, thus, were "debt collectors"

pursuant to the first prong of § 1629a(6).

The Seventh Circuit and the Third Circuit both have held that one cannot be

both a "creditor" and a "debt collector" under the FDCPA.  Constrained by this

precedent, the plain language of the FDCPA would only apply to those who do not

---

[13]    The Court further notes that a close reading of Schlosser shows that the
decision does not specifically address the issue of the debt not being "owed or due
another."  The defendant in Schlosser argued only that because the debt was not in
default when acquired it meet the § 1692a(6)(F) exception, despite its mistaken
belief that the debt was in default when acquired and its collection activities based
upon that belief.  The court in Schlosser disagreed, holding that § 1692a(6)(F) did
not apply because the defendant attempted to collect on a debt that it asserted to be
in default and believed to be in default when acquired.  Schlosser, 323 F.3d at 539.
While subsequent courts have relied upon the Schlosser decision for the principle
that acquiring a debt already in default may be enough to qualify as a "debt
collector," Judge Manion, in a subsequent case, explained that the Schlosser
decision "appears to inadvertently redact the FDCPA's requirement that, to be a
debt collector, the party attempting to collect the debt must be doing so 'for
another,'" but that it actually did not have to address this issue.  McKinney v.
Cadleway Properties, Inc., 548 F.3d 496, 506 (7th Cir. 2008) (Manion, J.
concurring in part).

own the debts in question, as those who own the debts are "creditors," and, thus, cannot be "debt collectors."

Our Court has held that one can be both a "creditor" and a "debt collector," and is not so constrained.  See Kuria, 752 F. Supp. 2d at 1301; Bates, 2008 WL 2622810, at *6.  An obvious example of an entity being both a creditor and a debt collector is where an entity's principal business is acquiring defaulted debt for collection purposes.  The ownership of the defaulted debt would technically render the entity a "creditor" -- an entity "to whom a debt is owed."  See 15 U.S.C. § 1692a(4).  The entity simultaneously would be a "debt collector" under the first prong of § 1629a(6), because it is in a "business the principal purpose of which is the collection of any debts."  See 15 U.S.C. § 1692a(6).

The conclusion that one can be both a creditor and a debt collector -- if one is a debt collector under the first prong of § 1692a(6) -- addresses the Check Investors concern with the possibility of creating a FDCPA loophole.  Those entities whose principal purpose is the collection of defaulted debts would be debt collectors regardless of their ownership of the defaulted debt.  Those entities whose primary business is not the collection of debts would only be debt collectors when they regularly collected or attempted to collect debts "owed or due another."  See

23

15 U.S.C. § 1692a(6).  The reasoning in the <u>Schlosser</u> or <u>Check Investors</u> cases is not controlling and is not persuasive.

Defendant urges the Court to follow the Ninth Circuit's reasoning in the only circuit to address the acquisition of debt by an acquirer not in the business of collecting debt and who is not collecting debt for another -- <u>Schlegel v. Wells Fargo Bank, NA</u>, 720 F.3d 1204 (9th Cir. 2013).  In <u>Schlegal</u>, the Ninth Circuit concluded that Wells Fargo, which acquired plaintiff's loan after it was in default, was not a "debt collector" under the FDCPA.  <u>Schlegal</u>, 720 F.3d at 1209-10.  The <u>Schlegal</u> Court, after noting that the complaint failed to allege that Wells Fargo's principal purpose was debt collection, rejected plaintiff's argument that Wells Fargo satisfied the second prong of § 1692a(6), finding that Wells Fargo was attempting to collect a debt <u>owed to it</u>, and <u>not due or owed to another</u>.  <u>Id.</u> at 1208-10.  The <u>Schlegal</u> Court relied upon the clear statutory language in the second prong of § 1692a(6) that an entity that was seeking to collect a debt it owned was not a "debt collector."  <u>Id.</u> at 1209-10.  The reasoning in <u>Schlegal</u> is sound, including because it is tethered to the express language of § 1692a(6).  The

Court reaches the same conclusion as the <u>Schlegel</u> Court, whose reasoning is persuasive, though not controlling.[14]

There does not appear to be any controlling authority in the Eleventh Circuit on the statutory constructing issue presented in this case.  There is, however, a well established framework for interpreting statutes.  <u>See</u> <u>Burlison</u>, 455 F.3d at 1245-47; <u>United States v. DBB, Inc.</u>, 180 F.3d 1277 (11th Cir. 1999).  The Eleventh Circuit's decision in <u>Hixson v. French</u>, 517 F. App'x 767, 768-69 (11th Cir. 2013) also is instructive.  <u>Hixson</u> involved a loan serviced by Citimortgage that was owned by the original refinancing lender.  <u>Hixson</u>, 517 F. App'x at 768. The question was whether Citimortgage was a debt collector under the FDCPA. <u>Id.</u> at 769.  The <u>Hixson</u> Court noted: "[t]o be subject to the [FDCPA], an entity must be a 'debt collector' that collects the 'debts . . . due another,' [15 U.S.C.] § 1692a(6), but Citimortgage sought to collect debt it was owed."  <u>Id.</u>  The <u>Hixson</u> decision, of course, does not address Plaintiff's argument and the Magistrate Judge's conclusion that an entity that acquires defaulted debts originally owed to

---

[14]   The Magistrate Judge relied on <u>Schlosser</u> to distinguish <u>Schlegel</u>. The Magistrate Judge observed that Wells Fargo, after it acquired the loan, in addition to collection activity, also engaged in "creditor" activity by approving a loan modification, and thus was acting as a "creditor," and not just as a "debt collector" in that particular case.  (R&R at 12).  The issue here, however, is whether Defendant is or is not a debt collector.  If it is, the fact that it may at times have acted as a creditor or engaged in creditor-like activities will not exclude it as a debt collector subject to the requirements of the FDCPA.

others is a "debt collector" under § 1692a(6), as the debt in <u>Hixson</u> was held by the

original lender.  <u>Hixson</u> does, however, support that determinations under

§ 1692a(6) must rely upon the language of the statute and that the statutory

language must be plainly read and its terms plainly applied.  <u>See also</u>

<u>Humphrey v. Washington Mut. Bank, F.A.</u>, 06-cv-1367, 2007 WL 1630639, at *2

(N.D. Ga. June 1, 2007) (finding that defendant "not a debt collector because it

was attempting to collect its own debt from Plaintiffs.").[15]

The Court has also noted that even where a plaintiff alleges that the debt was

in default when assigned, the plaintiff's complaint must still contain sufficient

factual allegations that a defendant is a "debt collector" under one of the prongs of

§ 1692a(6).  <u>See</u> <u>Anderson v. Deutsche Bank Nat. Trust Co.</u>, 1:11-cv-4091, 2012

WL 3756512, at 4 (N.D. Ga. Aug. 6, 2012) <u>report and recommendation adopted,</u>

1:11-cv-4091, 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012) (dismissing complaint

because it did not allege that defendants' principal purpose was the collection of

debts or that it regularly sought to collect debts owed or due another) (citing

---

[15] The <u>Humphrey</u> Court noted that the FDCPA applies only to debt collectors
and not to creditors or mortgage servicers.  <u>Humphrey</u>, 2007 WL 1630639, at *2.
It then found that the defendant was not a debt collector because it was attempting
to collect its own debt.  <u>Id.</u>  It is unclear whether the <u>Humphrey</u> Court's decision
was based upon the second prong of § 1692a(6) or based upon the incorrect notion
that one cannot be both a "creditor" and a "debt collector."

Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir.

2012)).  While the Anderson Court makes it clear that a determination that the debt

is in default is not the end of the inquiry, the decision did not address the second

prong of § 1692a(6), and is, thus, not helpful in interpreting its language and

determining whether Defendant is a "debt collector" under the FDCPA.

 After a careful review of § 1692a(6) and the cases relied upon by the

Magistrate Judge, as well as arguments raised by Plaintiff and Defendant, the

Court concludes that an entity is only a "debt collector" under the second prong of

§ 1692a(6) if it attempts to collect a debt "owed or due another."  The Court, thus,

concludes that Plaintiff has not plausibly alleged that Defendant is a "debt

collector" subject to liability under the FDCPA.[16]  Defendant's Motion to Dismiss

---

[16]     Plaintiff also asserts that, because many or most of the credit card
receivables on accounts issued by Defendant are securitized, they are actually
owed by others (securitization trusts), and that the HSBC accounts were also
heavily securitized.  (Am. Com. at ¶¶ 16-17).  Setting aside Plaintiff's failure to
plead that his account was securitized (and thus, under his reasoning, owed to
another); Plaintiff's understanding of securitization is incorrect.  The securitization
of receivables does not change the relationship between a debtor and creditor.  See,
e.g., Paulo v. OneWest Bank, FSB, 13-cv-3695, 2014 WL 3557703, at *12 (N.D.
Ga. July 18, 2014) ("Securitization does not have any effect on Plaintiff's rights
and obligations with respect to the mortgage loan . . . .") (internal quotations
omitted); Scott v. Bank of Am., CIV.A. 13-987, 2013 WL 6164276, at *3 (E.D. Pa.
Nov. 21, 2013) (collecting cases); Klohs v. Wells Fargo Bank, N.A., 901 F. Supp.
2d 1253, 1260 (D. Haw. 2012) ("Securitization does not alter the relationship or
rights of the parties to the loan, but merely creates a separate contract, distinct from
[p]laintiffs['] debt obligations' under the note and does not change the relationship

is granted.  Defendant's Hearing Motion and Motion for Leave are denied.[17]

Plaintiff's Motion to Certify Class is denied as moot.

---

of the parties in any way[.]") (internal quotations omitted).  Securitization, thus, does not alter to whom Plaintiff's debt is owed.

[17]     Defendant sought permission to file a reply to Plaintiff's Response to the R&R.  Defendant asserts that Plaintiff raised new arguments alleging that § 1692a(6) is ambiguous and that many of the cases that address this provision agree with Plaintiff's interpretation.  Defendant also requested a hearing on its Objection.  Having determined that § 1692a(6) is not ambiguous and that it does not apply to entities that are seeking to collect their own debts -- and whose principal business is not debt collection -- the Court concludes that no hearing is necessary and that Defendant need not file a reply brief.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's objections [35] to Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [32] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Hearing [36] and Motion for Leave to File Reply in Support of Objection [38] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Class [41] is **DENIED AS MOOT**.


**SO ORDERED** this 18th day of August, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE